# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**      )<br>                                                           )<br>           **Plaintiff,**                         )<br>                                                           )<br>           -vs-                                        )<br>                                                           )<br>**Defendant No. 1:**                          )<br>**$1,686.00 IN UNITED STATES**   )<br>**CURRENCY, and**                         )<br>                                                           )<br>**Defendant No. 2:**                          )<br>**$3,853.00 IN UNITED STATES**   )<br>**CURRENCY,**                                )<br>                                                           )<br>           **Defendants.**                      ) | No. CIV-23-__549-SLP_____ |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

## NATURE OF THE ACTION

1.  Plaintiff, United States of America, alleges for this *in rem* forfeiture action brought against one thousand six hundred and eighty-six dollars ($1,686.00) in United States currency ("**Defendant 1**"), and three thousand eight hundred and fifty-three dollars ($3,853.00) in United States currency ("**Defendant 2**"), (together, "**Defendant Currency**") that **Defendant Currency** is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## THE DEFENDANT *IN REM*

2. **Defendant 1** is $1,686.00 in United States currency seized from the person of Harvey Valles by agents of the Drug Enforcement Administration ("DEA") pursuant to an arrest and execution of a state-issued search warrant on March 3, 2020. The seizure occurred within the Western District of Oklahoma.

3. **Defendant 2** is $3,853.00 in United States currency seized from the residence of Harvey Valles, located at 2512 SW 42nd Street, Oklahoma City, Oklahoma, by DEA agents pursuant to the state search warrant identified *supra* on March 3, 2020. The seizure occurred within the Western District of Oklahoma.

4. The **Defendant Currency** is currently in the custody of the United States Marshals Service ("USMS") within the Western District of Oklahoma, where it remains subject to this Court's jurisdiction during the pendency of this action.

5. On January 3, 2023, Harvey Valles filed a claim of ownership to **Defendant Currency** with DEA to contest the administrative forfeiture of the **Defendant Currency** *in rem*.

## JURISDICTION AND VENUE

6. Plaintiff brings this action *in rem* to forfeit and condemn **Defendant Currency**. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

7. This Court has *in rem* jurisdiction over **Defendant Currency** according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

8. Venue is proper in this district pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district. Furthermore, venue is also proper pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

9. The United States alleges that **Defendant Currency** is subject to forfeiture to the United States because it is the proceeds of criminal activity. Specifically, the United States alleges that **Defendant Currency** is forfeitable to the United States under 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C §§ 841 and 846.

10. Title 21, United States Code, Section 881(a)(6) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

11. Title 21, United States Code, Section 841 makes it a crime for any person to knowingly possess a controlled substance with intent to distribute that controlled substance.

12. Title 21, United States Code, Section 846 makes it a crime to conspire to violate a provision of Title 21. That is, Section 846 provides that any person who attempts or conspires to commit any offense defined in that subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy. Specifically, Section 846 prohibits a person from conspiring to possess a controlled substance with intent to distribute that controlled substance.

### FACTS

13. On or around November 2019, the DEA field office in Oklahoma City opened an investigation into Harvey Valles ("Valles"), then a suspected methamphetamine distributor. Through the assistance of a confidential source[1] (CS1), DEA investigators were able to make controlled purchases of methamphetamine from Valles within Oklahoma City.

14. On November 18, 2019, CS1 made the first controlled purchase of methamphetamine from Valles. During this controlled purchase, CS1 purchased from

---

[1] The facts of the case described herein have been provided by agents of the DEA, who have further advised that CS1 voluntarily agreed to assist law enforcement officers regarding this investigation and that CS1 has agreed to testify in court regarding this information, if necessary. Law enforcement officers have advised that CS1 has prior arrests for drug-related offenses and that CS1 has received no monetary compensation with regard to his/her cooperation in this case. Law enforcement officers have advised that the information provided by CS1 has been corroborated through other investigative techniques, including physical and electronic surveillance and consensually recorded conversations. Law enforcement officers have advised that information provided by CS1 has been reliable and that the agents investigating this matter are unaware of any false information furnished by CS1. Law enforcement officers have advised that information herein attributed to CS1, unless otherwise noted, was obtained by CS1 through his/her personal observations and/or conversations with targets of this investigation and their associates.

Valles approximately 113.1 gross grams of methamphetamine in a Burger King restaurant parking lot at 7400 South Western Avenue, Oklahoma City, Oklahoma. This controlled purchase was audio recorded and phone calls to and from CS1 and Valles were also recorded. CS1 later was debriefed and informed investigators that Valles had more "product," that it was "moving fast," and he told CS1 to reach out to him if CS1 wanted more. Surveillance conducted by law enforcement nearby confirmed that Valles was in fact alone during this controlled purchase.

15. The first controlled purchase prompted DEA investigators to obtain a warrant to install a global positioning system ("GPS") tracking device on the vehicle that Valles used to deliver the methamphetamine to CS1 on November 18, 2019, a 2004 Lincoln Navigator bearing Oklahoma license plate number JUS665. GPS tracking and visual surveillance of the vehicle led DEA investigators to conclude that Valles's primary domicile was 2512 SW 42nd Street, Oklahoma City, Oklahoma ("42nd Street Residence").

16. In December 2019, DEA agents seized the curbside trash from the 42nd Street Residence and found plastic baggies containing trace amounts of heroin and methamphetamine. DEA agents also seized a Western Union receipt indicating that Valles sent United States currency to an individual in El Dorado, Sinaloa, Mexico. Investigators have advised that based upon their training and experience, it is common for drug distributors to send drug proceeds to their sources of supply in Mexico.

17. In January 2020, DEA agents conducting surveillance on the 42nd Street Residence observed a BMW sedan bearing Oklahoma license plate number HJX873 parked in the driveway along with the 2004 Lincoln Navigator bearing Oklahoma license

plate number JUS665 operated by Valles. A law enforcement database indicated that license plate number HJX873 was assigned to a 2004 Acura TSX, not a BMW sedan. The BMW left the 42nd Street Residence and later that day Oklahoma City Police Department ("OCPD") officers conducted a probable cause traffic stop on the BMW for illegal display of the license plate. During this traffic stop, OCPD officers identified the sole occupant of the vehicle and driver as Keven Heuangpaseuth, and they arrested him due to the illegal display of the license plate. Incident to this arrest, OCPD officers searched the BMW and seized a loaded firearm and two plastic baggies containing 28.8 gross grams of heroin.

18. In February 2020, CS1 made a second controlled purchase of methamphetamine from Valles. CS1 purchased approximately 114 gross grams of methamphetamine from Valles, again at the 42nd Street Residence. This controlled purchase was audio recorded, as were phone calls to and from CS1 and Valles leading up to the transaction. CS1 was later debriefed and informed investigators that Valles was alone during the deal, that Valles stored his reserve of methamphetamine in a cabinet above the kitchen sink, and that Valles had approximately one pound of methamphetamine left to sell. CS1 further informed investigators that Valles told CS1 that his plan for the rest of the day was to "clean house." Investigators have advised that based upon their training and experience, this is a term used by drug traffickers to indicate that they intend to sell all of their remaining product.

19. Also in February 2020, DEA agents again seized the curbside trash from the 42nd Street Residence, this time locating seven quart-sized plastic bags containing trace amounts of methamphetamine and one OU Edmond Medical Center hospital bill addressed

6

to Valles indicating dominion and control. Based on the size of these quart-sized plastic bags, investigators believe that each had the potential of containing up to one pound of methamphetamine; based upon their training and experience, they have indicated that this is not consistent with personal use but is associated with large-scale methamphetamine trafficking.

20. On February 28, 2020, subsequent to these two controlled purchases and two curbside trash pulls, the case agent sought and obtained a search warrant for the 42nd Street Residence from a judge of the Oklahoma County District Court.

21. On March 3, 2020, DEA agents arrested Valles in the parking lot of an auto parts store at 800 SW 44th Street, Oklahoma City, Oklahoma. This was a probable cause arrest, which was conducted due to the evidence, including the previous controlled purchases, that Valles had recently been distributing drugs. During the arrest, agents seized from Valles's person a plastic baggie containing methamphetamine (40.2 gross grams), a plastic baggie containing suspected crushed pharmaceutical pills (31.7 gross grams), and two cellular phones, as well as $1,686.00 in United States currency (**Defendant 1**). Arresting agents also seized a third cellular phone from inside Valles's vehicle.

22. That same day, agents executed a search warrant at the 42nd Street Residence, of which agents determined that Valles was the sole occupant. They seized from the residence 92.6 gross grams of marijuana; 31.3 gross grams of suspected heroin; 132.7 gross grams of methamphetamine; seven firearms, one of which was previously reported; and $3,853.00 in United States currency (**Defendant 2**). Other items indicative of drug distribution and trafficking were observed at the residence but not seized, including

7

plastic baggies and a digital scale bearing what investigators reported appeared to be methamphetamine residue.

23. Investigators have advised that based upon their training and experience, the drugs seized on March 3, 2020, coupled with the digital scale and baggies observed at the 42nd Street Residence, indicated that Valles's source of income was drug trafficking. Further, the controlled purchases and seized curbside trash and indicated that Valles was distributing multiple-pound-level quantities of methamphetamine over the course of at least five months.

24. Investigators did not locate any indicia of gainful employment such as pay stubs or tax forms that would reflect legitimate sources of income during the execution of the search warrant at the 42nd Street Residence.

25. Further, **Defendant Currency** was located near illicit drugs in both instances – on Valles's person and at the 42nd Street Residence – which investigators have advised indicates that it is the proceeds of drug trafficking.

26. An Information was filed against Valles on May 25, 2020, charging him with drug conspiracy and with being a felon in possession of firearms. *See* Doc. 12, *United States v. Harvey Valles,* CR-20-101-JD (W.D. Oklahoma 2020). On June 19, 2020, Valles entered a guilty plea, agreeing to forfeit all assets listed in the Information.[2]

---

[2] **Defendant Currency** was inadvertently omitted from the charging instrument.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in **Defendant Currency**; that **Defendant Currency** be forfeited to the United States; that Plaintiff be awarded its costs and disbursements in this action; and the Court order any such other and further relief as this Court deems proper and just.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/*Stanley J. West*
STANLEY J. WEST
Assistant U.S. Attorney
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
stanley.west@usdoj.gov